# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2010

Lyle W. Cayce
Clerk

No. 10-10074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELI PALACIOS, also known as Boxer,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-98-16

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Eli Palacios appeals the 360-month sentence imposed following his guilty plea conviction for one count of conspiracy to distribute a controlled substance and to possess a controlled substance with intent to distribute, one count of distribution of a controlled substance and aiding and abetting, and three counts of unlawful use of a communication facility to facilitate a drug felony.

Palacios argues that the district court erred by enhancing his sentence because (1) he possessed a dangerous weapon under U.S.S.G. § 2D1.1(b)(1); (2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had a managerial or supervisory role in the conspiracy under § 3B1.1(b); and (3) he obstructed justice under § 3C1.1. He also argues that the district court erred by denying him a three-level adjustment for acceptance of responsibility.

Palacios's argument that the district court erred by applying the possession enhancement is without merit. The record shows that Palacios was involved in an extensive drug conspiracy that involved large quantities of drugs and money. He used a coconspirator's, Jose Luis Veliz's, house to store, prepare/cut, package, and distribute drugs. On numerous occasions, Palacios was present in Veliz's house and conducted business there, and a pistol and large amounts of ammunition were found hidden in the wall of that house. Thus, Veliz's possession of the pistol was reasonably foreseeable to Palacios. *See United States v. Cisneros-Gutierrez*, 517 F.3d, 751, 765-66 (5th Cir. 2008). In light of these facts, Palacios has not shown that the district court clearly erred by applying the § 2D1.1(b)(1) enhancement. *Id*. at 765-66. Even if the district court erred in applying the possession enhancement, any error was harmless because removing the two-level enhancement would have no effect on Palacios's guidelines range, which would remain 360 months to life in prison. *See* FED. R. CRIM. P. 52(A)*; see also United States v. Scroggins*, 485 F.3d 824, 834-35 (5th Cir. 2007) (applying harmless error analysis to sentencing enhancement).

Additionally, the record supports the conclusion that Palacios played a supervisory or managerial role in an extensive conspiracy involving at least 34 people by purchasing drugs, distributing drugs to other members to sell, collecting money, negotiating the return of bad marihuana that could not be sold, recruiting and hiring at least one person to transport marihuana, serving as an escort to a member who was purchasing cocaine, ordering that cooperating coconspirators be murdered or marked for death, and directing the activities of at least five other members. *See United States v. Palomo*, 998 F.2d 253, 257-58 (5th Cir. 1993). At the very least, the fact that Palacios collected money and distributed drugs to other members supports a finding that he "exercised

management responsibility over the property, assets, or activities of a criminal organization." *See United States v. Lopez-Urbina*, 434 F.3d 750, 767 (5th Cir. 2005). Accordingly, the district court did not clearly err in applying the § 3B1.1(b) enhancement. *See Palomo*, 998 F.2d at 257; *Lopez-Urbina*, 434 F.3d at 767.

Finally, the Government presented uncontradicted evidence that Palacios obstructed justice or attempted to obstruct justice. In particular, Palacios authored two letters in which he identified individuals who had cooperated with the Government and ordered that they be killed or marked for death. Palacios also told agents during an interview that he felt obligated to take retribution against the cooperating witnesses. In light of the foregoing, the district court did not clearly err in finding that Palacios obstructed justice. *See United States v. Martinez*, 263 F.3d 436, 441 (5th Cir. 2001). Likewise, because Palacios has not shown that his case is "exceptional," the district court did not clearly err in denying him an adjustment for acceptance of responsibility. § 3E1.1, comment. (n.4). Consequently, the judgment of the district court is AFFIRMED.